UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRIMERICA LIFE INSURANCE COMPANY,

    Plaintiff,

v.                                                  CASE NO. 8:25-cv-02127-SDM-AEP

PEDRO PEDROGO, et al,

    Defendants.
_____/

## ORDER

On December 28, 2020, Primerica Life Insurance Company, a Tennessee corporation, issued a life insurance policy (Doc. 1-4) to Lidzoe Correa Mateo, who changed the policy's beneficiary on at least six occasions. (Doc. 1 at ¶¶ 9—18) After Mateo's death on March 20, 2025, a dispute about the $210,000 benefit arose among the successive beneficiaries, who are all Florida citizens. (Doc. 1 at ¶¶ 19—20) Primerica files a complaint (Doc. 16) under Rule 22, Federal Rules of Civil Procedure, for interpleader.

"Complete diversity of citizenship is necessary for jurisdiction in a rule interpleader action—that is, diversity between the stakeholder on the one hand and all the claimants on the other. If there is complete diversity between the stakeholder and all the claimants, it is irrelevant for purposes of rule interpleader that all the claimants are citizens of the same state." § 49:23, *Rule interpleader diversity jurisdiction*, 21 Fed. Proc., L. Ed. § 49:23 (citing *Leimbach v. Allen*, 976 F.2d 912 (4th Cir. 1992)).

Diversity is satisfied because the claimants are Florida citizens, and the stakeholder is a Tennessee citizen. The parties have therefore met the jurisdictional requirements for interpleader under Rule 22. Federal Rules of Civil Procedure.

A party moving for interpleader need only show a policy "subjected to adverse claims that cannot be simultaneously satisfied." *Jacques v. Prudential Ins. Co. of Am.*, 2016 WL 3746538, at *3 (M.D. Fla. July 12, 2016). The $210,000 policy benefit constitutes a single fund subject to conflicting claims by the defendants. Interpleader is available to resolve the competing claims and to protect the stakeholder.

Also, Primerica is a disinterested stakeholder that asserts no beneficial interest in the proceeds and has acted in good faith in bringing this action. Therefore, Primerica is entitled to interplead the funds and to release itself from all liability related to the policy. See *John Alden Life Ins. Co. v. Vanlandingham*, 2006 WL 1529047, at *4 (M.D. Fla. May 30, 2006).

Although interpleader is proper, the parties' request to deposit the policy proceeds into the trust account of Johnson Pope Bokor Ruppel & Burns LLP is not. In a Rule 22 interpleader, the disputed funds typically must be deposited into the registry of the court under Rule 67(a), Federal Rules of Civil Procedure, and Middle District of Florida Local Rule 4.16(a). *See, e.g., Southtrust Bank of Florida, NA v. Wilson*, 971 F. Supp. 539 (M.D. Fla. 1997).

Primerica's motion (Doc. 16) is **GRANTED IN PART**. No later than **NOVEMBER 25, 2025**:

1. Primerica must deposit into the registry of the court the $210,000 policy benefit, plus any accrued interest.
2. The defendants must settle or litigate among themselves their respective claims to the policy benefit.
3. Each defendant is **ENJOINED** from instituting, commencing, or continuing any action or proceeding against Primerica Life Insurance Company or its agents in relation to the policy or its proceeds.
4. Primerica Life Insurance Company and its agents are **DISCHARGED** and **RELEASED** from all liability concerning the policy and its proceeds.

The clerk is directed to enter judgment in favor of Primerica consistent with this order and close the case.

ORDERED in Tampa, Florida, on November 4, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE